UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME POWELL,

    Petitioner,

  v.

JOSEPH LEHMAN,

    Respondent.

Case No. C00-5672RJB

ORDER GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY

     This matter comes before the court on the petitioner's Notice of Appeal and on petitioner's Motion for Certificate of Appealability Pursuant to FRAP Circuit Rule 22-1. Dkt. 59 and 60. The court has reviewed the pleadings in support of and in opposition to the request for a Certificate of Appealability and the record herein.

     The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Order- 1

1    In his petition for writ of habeas corpus, petitioner raised the following claims: (1) he
2 received ineffective assistance of appellate counsel; (2) he received ineffective assistance of trial
3 counsel; and (3) he was limited in the evidence he could present in the State Superior Court
4 reference hearing regarding the cause of the victim's death.  Petitioner also requested an evidentiary
5 hearing to develop the facts regarding the effect the restraints used at trial had on his ability to
6 communicate with his lawyer, to assist in his own defense, or to testify on his own behalf; whether
7 his trial counsel objected to the use of restraints at trial, and whether trial counsel's failure to object
8 to the prosecutor's allegedly improper questioning and her failure to object to the prosecutor's
9 allegedly improper closing arguments constituted a fully formed strategic choice; and whether
10 appellate counsel winnowed the good issues from the bad or failed to review them at all.

11    On March 21, 2005, U.S. Magistrate Karen L. Strombom issued a Report and
12 Recommendation, recommending that this petition for writ of habeas corpus be denied. Dkt. 54.  On
13 April 27, 2005, the court issued an order denying the petition on the merits and denying the request
14 for an evidentiary hearing.  Dkt. 57.   Petitioner has filed a notice of appeal.  Dkt. 59.

15    In this motion, petitioner argues the court should grant a Certificate of Appealability
16 on the following issues: (1) his trial counsel was ineffective in failing to object to improper
17 closing argument, failing to object to shackling, and failing to investigate two critical
18 witnesses and to investigate the route to and from the murder scene; (2) his appellate
19 counsel was in effective in failing to obtain the entire trial record, and failing to raise
20 meritorious issues on appeal.  Dkt. 60.

21    Respondent requests that the court deny a Certificate of Appealability, arguing that
22 the court's decision denying the petition for writ of habeas corpus was not debatable or
23 wrong.  Dkt. 62.

24    Although the court concluded that petitioner's claims do not warrant habeas relief,
25 the issues appear to be "adequate to deserve encouragement to proceed further." *Slack v.*

Order- 2

*McDaniel*, 120 S.Ct. at 1603-04.  The court should grant petitioner's request for a Certificate of Appealability on the issues petitioner has raised in this motion for a Certificate of Appealability.

Accordingly, it is hereby

**ORDERED** that

Petitioner's Motion for a Certificate of Appealability Pursuant to FRAP Circuit Rule 22-1 (Dkt. 60)  is **GRANTED** with regard to the following claims:

(1) petitioner's trial counsel was ineffective in failing to object to improper closing argument, failing to object to shackling, and failing to investigate two critical witnesses and to investigate the route to and from the murder scene.

(2) petitioner's appellate counsel was in effective in failing to obtain the entire trial record, and failing to raise meritorious issues on appeal.

The Clerk is directed to send a copy of this Order to counsel for petitioner and to counsel for respondent.

DATED this 10th day of June, 2005.

Robert J. Bryan
U.S. District Judge

Order- 3